UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

GLYN STEPHEN HARTWELL         CIVIL ACTION NO. 6:14-cv-01009

VERSUS                        MAGISTRATE JUDGE HANNA

TRAVELERS CASUALTY &          BY CONSENT OF THE PARTIES
SURETY CO. OF AMERICA, ET AL.

## MEMORANDUM RULING

Currently pending is the plaintiff's motion for partial summary judgment on the issue of liability. (Rec. Doc. 67). The motion is opposed. Oral argument was heard on December 22, 2015. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, the motion is DENIED.

### FACTUAL BACKGROUND

This lawsuit arises out of a motor vehicle accident that occurred on April 29, 2013 at the intersection of the I-49 frontage road and Gloria Switch Road in Lafayette, Louisiana. The plaintiff, Glynn Hartwell, was driving a Jeep SUV northbound on the frontage road. He was stopped at a stop sign when an 18-wheeler turned left from Gloria Switch, failed to stay completely in its lane, and the truck's trailer impacted the front driver's side of Hartwell's Jeep.

The 18-wheeler's tractor was owned by defendant 5150 Transport, Inc. Defendant Nathan J. Reische was the principal and employee of 5150, and he was a

passenger in the truck at the time of the accident. Defendant Brenda S. Danner was driving the truck. She was employed by 5150 and was an inexperienced truck driver who was being trained by Reische. Reische was supervising her at the time of the incident. The 18-wheeler's trailer was owned by defendant Dot Transportation, Inc. At all relevant times, a contract existed between Dot and 5150, whereby 5150 was authorized to pull a Dot trailer and deliver cargo to various parts of the country. The parties jointly stipulated[1] that defendant Travelers Property Casualty Company of America provides coverage for this incident pursuant to a liability insurance policy that it issued to former defendant Dot Foods, Inc. Even though the plaintiff's claims against Dot Foods, Inc. were voluntarily dismissed,[2] the stipulation states that if there is a judgment against any of the remaining defendants, Travelers will satisfy the judgment up to its policy limits.

It is undisputed that the 18-wheeler crossed over the center line while negotiating the left turn, and the trailer struck the plaintiff's vehicle while the plaintiff's vehicle was completely inside the plaintiff's travel lane. It is also undisputed that Danner was ticketed for improper lane usage. In his motion, the

---

[1] Rec. Doc. 75.

[2] Rec. Doc. 72.

plaintiff argues that the accident was caused totally by the negligence or fault of the defendants and that his actions played no part in causing the accident.

In general terms, the plaintiff alleges that Danner was negligent for driving the truck in such a manner that the trailer crossed over the roadway's center line into his travel lane, that Reische and 5150 were negligent in improperly hiring, training, and supervising Danner, and that Dot was negligent in improperly hiring and educating Danner and entrusting its trailer to her. The plaintiff seeks a ruling establishing the liability of the defendants, establishing that he is free from fault, and reserving until trial the issues of damages, causation, and apportionment of fault between the defendants.[3]

The defendants contend that there are several issues of material fact concerning the liability of the defendants as well as the plaintiff's comparative fault. They observe that Danner's having been cited for improper lane usage creates a presumption that she is at fault for causing the accident but does not establish her fault. With regard to their contention that the plaintiff was comparatively at fault, the defendants suggest that Hartwell could have honked his horn to alert Danner that she was encroaching on his lane, could have turned right on to Gloria Switch Road to avoid the collision, or could have moved to the shoulder of the road to get away from

---

[3] Rec. Doc. 67 at 1.

the encroaching truck. They also contend that Danner made eye contact with Hartwell while Hartwell was a full car length back from the point of impact and that Hartwell pulled forward after that. They contend that the accident would not have happened if Hartwell had maintained his position and had not pulled forward closer to the stop sign before the impact.

## ANALYSIS

### A.   THE APPLICABLE STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the applicable governing law.[4] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[5]

The party seeking summary judgment has the initial responsibility of informing the court of the basis for its motion and identifying those parts of the record that

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[5] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

demonstrate the absence of genuine issues of material fact.[6] If the moving party carries its initial burden, the burden shifts to the nonmoving party to demonstrate the existence of a genuine issue of a material fact.[7] All facts and inferences are construed in the light most favorable to the nonmoving party.[8]

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by pointing out that there is insufficient proof concerning an essential element of the nonmoving party's claim.[9] The motion should be granted if the nonmoving party cannot produce evidence to support an essential element of its claim.[10]

B. **THE APPLICABLE LAW**

The court has jurisdiction over this case under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the

---

[6] *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007), citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Washburn v. Harvey*, 504 F.3d at 508.

[8] *Brumfield v. Hollins*, 551 F.3d at 326, citing *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[9] *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008), citing *Celotex Corp. v. Catrett*, 477 U.S. at 325.

[10] *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

jurisdictional minimum. In such a case, the forum state's substantive law is applied.[11] Accordingly, Louisiana law applies. To determine Louisiana law, federal courts look to the final decisions of the Louisiana Supreme Court.[12]

### C.     GENUINE ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT

This Court finds that there are genuinely disputed issues of material fact concerning Danner's alleged negligence or fault and concerning Hartwell's alleged negligence or comparative fault. In light of this finding, this Court finds that the plaintiff is not entitled to summary judgment in his favor at this time and will allow the issue of liability to be put to the jury at the trial of this matter.

In his petition, the plaintiff alleged that he was injured because of the negligence of the defendants, which allegedly combined to cause the motor vehicle accident of April 29, 2013. He also alleged that he was free of fault in causing the accident. In their answer to the petition, the defendants alleged that the plaintiff's actions or inactions caused or contributed to the accident such that he should be found comparatively at fault.

---

[11]     *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Moore v. State Farm Fire & Cas. Co.*, 556 F.3d 264, 269 (5th Cir. 2009).

[12]     *Moore v. State Farm Fire & Casualty Co.*, 556 F.3d at 269.

As a preliminary matter, this Court notes that, in the motion for partial summary judgment, the plaintiff requests a ruling on the fault of all parties but he also asks that the issue of causation be reserved for trial.[13] Causation is a necessary element of the duty risk analysis used to determine whether a party is negligent.[14] Accordingly, a party's negligence cannot be determined without making a finding with regard to causation. Therefore, the relief requested by the plaintiff cannot be granted.

Furthermore, even if the plaintiff had not requested that ruling on causation be deferred until trial, genuine issues of material fact preclude a ruling in the plaintiff's favor on the issue of liability. It is an undisputed fact that the 18-wheeler impacted the Jeep inside the plaintiff's travel lane. It is equally undisputed that Danner was cited following the accident for improper lane usage, while the plaintiff was not issued a citation by the investigating officer. These facts are insufficient to establish Danner's liability for causing the accident since the doctrine of negligence per se has

---

[13] Rec. Doc. 67 at 1.

[14] The duty-risk analysis requires proof of the following elements to determine liability in a negligence case: (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element). *Boykin v. Louisiana Transit Co., Inc.*, 96–1932 (La. 03/04/98), 707 So.2d 1225, 1230.

been rejected in Louisiana;[15] however, statutory violations provide guidelines for civil liability.[16] Indeed, there are presumptions of fault applicable to Danner in connection with this accident.

First, Danner is presumed to be at fault because her vehicle was not in its proper lane at the time of the collision. "It is well established in Louisiana that when a collision occurs between two vehicles, one of which is in the wrong lane of travel, there is a presumption that the driver in the wrong lane was negligent, and that the burden is on him to show that the collision was not caused by his negligence."[17] Second, Danner is presumed to be at fault because she was making a left turn at the time of the collision. A motorist making a left turn has a duty to ascertain, before attempting the turn, whether it can be completed safely.[18] In a vehicular collision case, plaintiffs are afforded the benefit of a presumption of the defendant's negligence

---

[15] *Galloway v. State Through Dep't of Transp. & Dev.*, 94-2747 (La. 05/22/95), 654 So. 2d 1345, 1347; *Faucheaux v. Terrebonne Consol. Government*, 615 So.2d 289 (La. 1993); *Boyer v. Johnson*, 360 So.2d 1164 (La. 1978).

[16] *Galloway v. State Through Dep't of Transp. & Dev.*, 654 So. 2d at 1347; *Black v. First City Bank*, 94-0423 (La. 09/06/94), 642 So.2d 151, 153; *Meany v. Meany*, 94-0251 (La. 07/05/94), 639 So.2d 229, 235;

[17] *Simon v. Ford Motor Co.*, 282 So. 2d 126, 128 (La. 1973). See, also, *Davis v. Fortenberry*, 2009-1463 (La. App. 3 Cir. 05/05/10), 37 So. 3d 514, 518-19, *writ denied*, 2010-1493 (La. 10/01/10), 45 So. 3d 1102; *Tolbert v. Fireman's Fund Ins. Co.*, 98-637 (La. App. 3 Cir. 10/07/98), 719 So.2d 738, 740.

[18] *Theriot v. Lasseigne*, 93-2661 (La.07/05/94), 640 So.2d 1305; *Silva v. Calk*, 30,085 (La. App. 2 Cir.12/10/97), 708 So.2d 418.

when they prove that the defendant executed a left hand turn and crossed the center line at the time of the impact.[19] The jurisprudence has also established that an oncoming driver has a right to assume that the left-turning motorist will obey the law in allowing him to continue in his proper lane of travel and will yield to his right of way.[20]

In light of these presumptions, Danner has the burden of proving that she is free of negligence.[21] In an effort to do so, she testified at her deposition that the configuration of the roadway at the intersection where the collision occurred prevented her from keeping the tractor and trailer in the proper lane throughout the turn.[22] She also testified that this situation was compounded by the position of a mailbox and a minivan in the parking lot of a nearby Shell service station,[23] all of which made it impossible, in her opinion, for her to complete the left turn without

---

[19] *Miller v. Leonard*, 588 So.2d 79 (La. 1991). See, also, *Upchurch v. State*, 48,354 (La. App. 2 Cir. 08/17/13), 123 So.3d 228, 232, *writ denied*, 2013–2153 (La. 11/22/13), 126 So.3d 489; *McGrail v. Lee*, 35,756 (La. App. 2 Cir. 04/03/02), 814 So. 2d 729, 732, *writ granted*, 2002-1496 (La. 10/04/02), 826 So. 2d 1110, *order recalled*, 2002-1496 (La. 4/9/03), 874 So. 2d 66, *and writ denied as improvidently granted*, 2002-1496 (La. 04/09/03), 874 So. 2d 66.

[20] *Upchurch v. State*, 123 So.3d at 232; *McGrail v. Lee*, 814 So. 2d at 732; *Terro v. Casualty Reciprocal Exchange*, 93-593 (La. App. 3 Cir. 02/02/94), 631 So.2d 651, *writ denied*, 94-0522 (La. 04/22/94), 637 So.2d 157.

[21] *McGrail v. Lee*, 814 So. 2d at 732.

[22] Rec. Doc. 67-5 at 38-39.

[23] Rec. Doc. 67-5 at 37-38, 47, 51.

entering into Hartwell's travel lane. Thus, there is a genuine factual dispute concerning Danner's liability for causing the accident.

The plaintiff's claims against Reische, 5150, and Dot depend upon a finding that Danner was negligent and consequently cannot be resolved until it has been decided whether Danner was negligent or otherwise at fault in causing the accident. Accordingly, the factual dispute related to Danner's liability precludes resolution of the issue of the other defendants' liability at this time.

Furthermore, the presumption that Danner was at fault does not negate the possibility that Hartwell was also comparatively at fault. The Louisiana Supreme Court has stated that "once a right of way motorist in the exercise of ordinary vigilence [sic] sees that another motorist has failed to yield the right of way, a new duty thereafter devolves on the right of way motorist to take reasonable steps to avoid an accident if there is enough time to afford him a reasonable opportunity to do so."[24] This principle has been paraphrased as follows:

> Although a motorist on a favored street is entitled to assume that the motorist on the unfavored street will obey traffic signals and stop, look and yield the right of way, upon noticing a failure to yield the right of way, the motorist on the favored street has a duty to take reasonable steps to avoid an accident if afforded reasonable opportunity to do so. Thus, a favored motorist has a duty

---

[24] *Sanchez Fernandez v. General Motors Corp.*, 491 So.2d 633, 636 (La. 1986).

>  to exercise ordinary care regarding drivers entering from side streets.[25]

Therefore, "notwithstanding the presumption of negligence attributed to a left-turning driver, a favored motorist can still be assessed with comparative fault if his substandard conduct contributed to the cause of the accident."[26]

In this case, Hartwell testified at his deposition that when he first noticed the 18-wheeler making the left turn, there were several feet of distance between it and his vehicle;[27] that he planned to turn right at the intersection "eventually;"[28] and that once he realized the 18-wheeler was not going to safely negotiate the turn, it was his opinion that there was nothing he could do to avoid the accident.[29] More particularly, he testified that he had no room to make a right turn[30] and could not have moved his vehicle onto the shoulder to avoid the collision.[31] Danner testified to the contrary. She stated that she observed Hartwell's position, looked him in the eye, and thought

---

[25] *Cormier v. Albear*, 1999-1206 (La. App. 3 Cir. 2/2/00), 758 So. 2d 250, 255 (internal citations omitted).

[26] *McGrail v. Lee*, 814 So. 2d at 732.

[27] Rec. Doc. 67-5 at 77.

[28] Rec. Doc. 67-5 at 77.

[29] Rec. Doc. 67-5 at 78

[30] Rec. Doc. 67-5 at 77.

[31] Rec. Doc. 67-5 at 80.

that he was holding back for her to come through the intersection but he then moved up closer to the stop sign when she wasn't looking, giving her less room to complete the turn.[32] She faults Hartwell for failing to honk his horn when he saw the trailer getting too close.[33] She also suggested that he could have taken advantage of the wide shoulder and moved over out of the path of her truck.[34] When asked whether Hartwell had contributed to the accident by failing to get out of her way, she responded, "[w]ell, exactly."[35] This testimony creates a genuine issue of material fact concerning Hartwell's duty to avoid the accident, whether that duty was breached, and whether any such breach was a cause of the accident.

The jurisprudence illustrates that fault can be apportioned between the driver who strikes another vehicle in its travel lane and the driver whose vehicle is impacted while solely in its travel lane. In one case,[36] for example, the court found the plaintiff 75% at fault and the defendant 25% at fault for an accident that occurred when the plaintiff's vehicle was impacted by a log truck that was turning left onto a highway.

---

[32] Rec. Doc. 67-5 at 41, 43, 45, 48.

[33] Rec. Doc. 67-5 at 44, 45.

[34] Rec. Doc. 67-5 at 44, 46.

[35] Rec. Doc. 67-5 at 47.

[36] *Thomas v. Midland Risk Ins.*, 98-1950 (La. App. 3 Cir. 05/05/99), 731 So.2d 532, *writ denied*, 99-C-1580 (La. 09/24/99), 749 So.2d 634.

The plaintiff was under a duty to take reasonable steps to avoid the accident once it became apparent that the defendant could not successfully clear the intersection, and the defendant's expert testified that the plaintiff could have avoided the accident by reducing his speed. The jury's apportionment of fault was affirmed by the appellate court.

Those same principles guided the decision in another case[37] in which a woman died after the vehicle she was driving crossed the center line of a two-lane highway and hit a log truck head on. Her husband sued the owner and driver of the log truck, and the defendants filed a motion for summary judgment, which was granted. In affirming that ruling, the court noted that the log truck driver applied his brakes, moved toward the shoulder of the road, and blew his horn before the collision. Because the point of impact was in the defendant's travel lane and the evidence established that he took evasive measures, the court found that he was not negligent.

In this case, it is undisputed that the 18-wheeler crossed over into the plaintiff's travel lane, where the impact occurred. However, there is no evidence of any evasive action by the plaintiff. Therefore, there is a factual dispute concerning the plaintiff's negligence and comparative fault.

---

[37] *Davis v. Fortenberry*, 09-1463 (La. App. 3 Cir. 05/05/10), 37 So.3d 514, *writ denied*, 2010-C-1493 (La. 10/01/10), 45 So.3d 1102.

## CONCLUSION

For the reasons explained above, this Court finds that genuine issues of material fact exist concerning the defendants' alleged negligence and liability and the plaintiff's alleged negligence and comparative fault, which preclude summary judgment in the plaintiff's favor. Accordingly, the motion for partial summary judgment (Rec. Doc. 67) is DENIED.

Signed at Lafayette, Louisiana on December 28, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE